IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | : | Case No. 1:20-cv-702 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ORDER DENYING MOTION TO** |
| | : | **ALTER OR AMEND, DISMISSING** |
| GREYHOUND LINES, INC., | : | **CASE, AND DECLARING PLAINTIFF** |
| | : | **A VEXATIOUS LITIGATOR** |
| Defendant. | : | |

This matter is before the Court on Plaintiff's *Pro Se* Motion to Alter and Amend a Southern District's Transfer Order (Doc. 10). For the reasons set forth below, Plaintiff's Motion will be **DENIED**, this matter will be **DISMISSED**, and Cedric Greene will be **DECLARED** a vexatious litigator.

Greene initiated this matter without payment of fees or the filing of a motion to proceed *in forma pauperis*. Greene, a resident of Los Angeles, California alleged in his complaint that he purchased a roundtrip bus ticket to Oakland, California in June 2015. However, while he was in Oakland, an unnamed person stole fifty dollars and his debit card from his wallet. Greene lacked other funds, but he did not want to remain in Oakland after the theft. Even though his return bus ticket had a date of June 12, 2015, he went to the Greyhound station on June 10, 2015, believing "that Greyhound would be understanding to his circumstances and place him on the Saturday [June 10, 2015] bus to return to his listed home city." (Doc. 6 at PageID 28.) According to his Complaint, "Greyhound instead forcefully told Mr. Greene to leave the Oakland, California station, and not return until it was his time and date to return home." (*Id.*) It appears from the Complaint, that Greene called the Oakland Police who eventually "instructed" Greyhound to honor Greene's return bus ticket, even though it was purchased for a different date. (*Id.* at

1

PageID 29.) Alleging that "Greyhound showed no concerns for the safety of Cedric Greene," Greene requested "civil compensation in the sum of $80,000." (*Id.* at PageID 29–30.)

Because Greene resides in California, the actions alleged occurred in California, and Greyhound is not headquartered in southern Ohio, the Magistrate Judge concluded that venue is not proper in this district and transferred the matter to the Northern District of California for all further proceedings. (Doc. 9.) Greene then filed the instant Motion to Alter and Amend a Southern District's Transfer Order (Doc. 10).

According to his Motion, Greene does not consent to transfer and "Ohio should have at least discovered if anyone from the inner circle of Cedric Greene would be in disagreement with its movements before making a determination." (Doc. 10 at PageID 47.) Upon further investigation, it appears that this matter has been filed and dismissed in several other jurisdictions previously, including the Northern District of California, the Northern District of Texas, the District of Nevada, the District of Kansas, and the District of Utah. *See, e.g., Greene v. Greyhound Lines, Inc.*, No. 2:15-cv-115, 2015 WL 3559182 (D. Nev. June 5, 2015); *Greene v. Greyhound Lines, Inc.*, No. 18-1014-EFM, 2018 WL 1071031 (D. Kan. Feb. 27, 2018). In upholding the dismissal of Greene's complaint against Greyhound (as well as duplicative complaints in other cases), the Tenth Circuit Court of Appeals stated:

> This court and numerous district courts repeatedly have explained the jurisdictional and venue requirements to file a claim in a given federal court to Greene. Greene has repeatedly ignored these explanations and simply reasserted the same meritless claims in another federal district. Given that the complaints and appeals at issue here are duplicative of earlier actions dismissed on the same grounds, Greene had to know that these appeals were patently frivolous.
>
> \* \* \*
>
> As set forth above, Greene's filings in this court and the district court reveal a pattern of duplicative, abusive, and frivolous litigation. Greene was granted the privilege of proceeding in forma pauperis in

2

> previous appeals to this court, but he has abused that privilege. Moreover, Greene has a lengthy history of frivolous litigation in other courts, which has resulted in filing restrictions imposed on him in the Ninth Circuit, the Districts of Kansas and Utah, as well as federal district courts in California and Nevada.

*Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 665–66 (10th Cir. 2018) (upholding dismissal of five complaints including *Greene v. Greyhound Lines, Inc.*) (footnotes omitted). Even the Supreme Court of the United States declared, "As petitioner [Cedric Greene] has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1." *In re Cedric Greene*, 136 S.Ct. 2014 (2016).

In response to the filing restrictions placed on him in numerous other jurisdictions, Greene recently began filing his patently frivolous, duplicative actions in this district. *See, e.g., Greene v. JPMorgan Chase, National Assoc.*, No. 2:20-cv-1558, 2020 WL 2112277 (S.D. Ohio May 4, 2020); *Greene v. Office of the Comptroller of the Currency*, No. 1:20-cv-776 (S.D. Ohio Oct. 7, 2020). Indeed, others in this district have provided a thorough examination of Greene's vexatious litigation history, and this Court need not repeat it here. *Greene*, No. 1:20-cv-776, Doc. 2 at PageID 13–21. This Court, too, finds Cedric Greene to be a vexatious litigator.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's *Pro Se* Motion to Alter and Amend a Southern District's Transfer Order (Doc. 10) is **DENIED**;

2. This case is **DISMISSED** as duplicative of cases previously dismissed in other jurisdictions and for improper venue; AND

3. Plaintiff Cedric Greene is declared a harassing and vexatious litigator and is, therefore, **ENJOINED AND PROHIBITED** from filing any additional

complaints, or from otherwise initiating any new civil case in the Southern District of Ohio, unless:

    a. Any document that seeks to open a new civil case is accompanied by a complete copy of the tendered complaint as well as a copy of this Order;

    b. The tendered complaint has been certified as non-frivolous by an attorney in good standing in this Court;

    c. The complaint is accompanied either by payment of the full filing fee or a motion seeking leave to proceed *in forma pauperis*;

4. The Clerk of Court is **DIRECTED** not to open any new civil cases in Plaintiff's name absent full compliance with the above restrictions and is instructed to dispose of such documents;

5. Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby certifies that an appeal of this Order is not taken in good faith, and therefore, **DENIES** Plaintiff leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

                                                            S/Susan J. Dlott_____
                                                            Judge Susan J. Dlott
                                                           United States District Court